STOALLINGS vs. BAKER & YOUNG.

1. An agreement, by which one is to furnish a circular saw mill, and hands and stock to saw, and another is to furnish logs, and feed for the hands and stock, and the lumber to be divided equally between them, does not constitute a partnership. Such agreement had in view seperate and distinct sales by each person on his own account, and no community of profit in the sales.

APPEAL from Daviess Circuit Court.

LEWIS, ABELL & STRINGFELLOW, for appellant.

The contract between plaintiff and defendants did not constitute a partnership *inter se.* There was no participation of profits or losses—no right to an account. Plaintiff could not make defendants account for sales of the lumber. He had no right to any money received from the sales of lumber, but only to one half of the lumber, or to damages for its non-deliv-

ery: 1 Wash. C. C. R. 491; Story on partnership 22, note 3; Gow. Part. 153, 154; 3 Kent Com. 25; Boroman vs. Bailey, 10 Vermont R. 171; Tomlin's Law Dict. "Partners" page 70; 3 U. S. Digest 89, 47; 6 Vermont 119; 6 Watts & Ser. 140, 143; 14 Pick. 194.

RYLAND, J., delivered the opinion of the court.

This was a suit by Stollings vs. Baker & Young before a justice of the peace, for money arising on the sale of plank by defendants, which belonged to the plaintiff.

The case was taken to the circuit court, by appeal. On the trial in that court, the plaintiff was nonsuited. The facts of the case were, that a contract had been entered into between the plaintiff and the defendants, by which the defendants were to move their circular saw mill to the land of the plaintiff, in the river bottom near to the town of Gallatin, in Daviess county. The plaintiff was to furnish hay for the horses which were used to put the saw in motion; to board the hands and wash for them, and to furnish the logs to be sawed into lumber. The defendants were the owners of the mill and the horses which they were to furnish; they were to provide the food for the horses, except hay, and to provide the necessary hands to keep the mill in operation, and were to saw the logs which were provided by plaintiff into lumber, which was to be divided, one half to plaintiff and the other to defendants.

Upon these facts, the circuit court decided (who tried the case without a jury) that the justice of the peace had no jurisdiction; that there was a partnership between the plaintiff and the defendants in the lumber sawed, and that the suit should have been brought for a settlement of the whole partnership concerns.

To this opinion of the court the plaintiff excepted, and brought the case here by appeal.

The only question arises on the facts of the case, whether the court below properly held that they proved a partnership.

This being the only point for the decision of this court, it becomes necessary to see what constitutes a partnership. Justice Story says, "every real partnership, so intended, between the parties themselves, imports *ex vi termini* a community of interest in the profits of the business of the partnership, that is to say, a joint and mutual interest in the profits thereof, or a community of profit. This is of the very essence of the contract; for, without this communion of profit, a partnership cannot, in the contemplation of law exist:" Story on Partnership, page 22. Colyer expresses the doctrine in the following terms : "To constitute a partnership between the partners themselves, there must be a com-

munion of profit between them. A communion of profit implies a communion of loss; for every man who has a share in the profits of a trade, ought also to bear his share of the loss. By a communion of profit is intended a joint and mutual interest in profit:" Collyer on Partnership, book 1, ch. 9 sec. 1, page 11.

Chancellor Kent says, there must be a communion of profit to constitute a partnership as between the partners. They must not be jointly concerned in the purchase only, but jointly concerned in the future sale. A joint purchase, with a view to separate and distinct sale, by each person on his own account is not sufficient:" 3 Kent Com. 25.

"The rule that all who participate in profits are liable as partners, is subject to many exceptions. If three enter into an agreement, by the terms of which one is to do certain things and the other two certain things, each at their own expense, and each to be entitled to an equal share of the profits arising out of the subject matter of the contract, this does not constitute them all partners and make them all liable for expenses incurred by either in the performance of their part of the contract:" 6 Watts & Sergeant's Rep. 143.

"By written contract between B and R, B agrees to furnish R for one year with wool to be worked into satinetts, and R is to deliver to B all the satinetts which the wool will make, and is to find and pay for warps for the same. For working the wool, finding warps, &c., B is to pay R forty per cent. on the sales of the satinetts. Each is to pay half the charges. B is to have the whole direction of the sales, and should he make sales himself he is to have one and a half per cent. on forty per cent. of the sales. In an action against B and R for the price of the warps furnished by the plaintiff to R, it was held that B was not a partner of R, and consequently was not liable to the action. In this case, it is admitted that they were not partners inter se, for, by the terms of their agreement, they had not a mutual interest in the profits and loss of the business to which it related, and which is essential to render a partnership complete:" See 14 Pickering, 194; Turner vs. Bissell et al.

"To constitute a partnership there must be a community of interest; a participation in profit and loss—and this joint interest must continue to the time of the sale, as well as to the purchase:" Washington's C. C. Rep. 492.

"Where one party furnishes a boat and the other sails it, an agreement to divide the gross earnings does not constitute a partnership. Here the plaintiffs were to divide the gross earnings of the boat, without reference to the usual and customary expenditures. Such a con-

nection has been repeatedly held not to constitute a partnership:" 10 Vermont, 172.

Now apply the principles here laid down by the elementary writers, and the doctrines of the adjudications above referred to, to the facts of the case before us, and it becomes evident that there was no partnership here. One party was to furnish mill and hands to saw. The other party to furnish logs to be sawed, and they were to divide the lumber into which the logs were sawed. Nothing said about profits nor losses, nor about the right of either to sell the lumber. If the mill of the defendant should happen to break, or the team of the plaintiff become worn out so that he could not haul nor they saw logs—no joint expense for reparation or recruiting—no deduction of losses before a division of the lumber, but simply, the logs to be hauled by one and sawed by the other and the lumber, whether much or little, to be divided.

The facts do not constitute a partnership as among themselves, and the other judges concurring, the judgment below must be reversed and the case remanded for further proceedings in accordance with this opinion.